E-FILED
Friday, 17 September, 2021 10:11:27 AM
Clerk, U.S. District Court, ILCD

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Central District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 20-CR-20078-001 |
| Michael D. Turner | ) | USM Number: 23264-026 |
| | ) | Elisabeth R. Pollock |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Enticement of a Minor | 5/29/2020 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/14/2021
Date of Imposition of Judgment

s/Michael M. Mihn

Signature of Judge

Michael M. Mihm U.S. District Judge
Name and Title of Judge

9/17/2021
Date

AO 245B (Rev. 09/17) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: Michael D. Turner
CASE NUMBER: 20-CR-20078-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

120 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1.) It is recommended that the defendant serve his sentence in a facility as close to his family in Chicago, Illinois, as possible.
2.) It is further recommended that he serve his sentence in a facility that will allow him to maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: Michael D. Turner
CASE NUMBER: 20-CR-20078-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

10 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1.) You shall not knowingly leave the federal judicial district without the permission of the court or probation officer.

2.) You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency directed by the court or probation officer.

3.) You shall follow the instructions of the probation officer as they relate to your conditions of supervision. Any answers you give in response to the probation officer's inquiries as they relate to your conditions of supervision must be truthful. This condition does not prevent you from invoking your Fifth Amendment privilege against self-incrimination.

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: Michael D. Turner
CASE NUMBER: 20-CR-20078-001

## ADDITIONAL SUPERVISED RELEASE TERMS

4.) You shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.

5.) You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

6.) You shall not knowingly possess a firearm, ammunition or destructive device as defined in 18 U.S.C. § 921(a)(4) or any object that you intend to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

7.) You shall permit a probation officer to visit him at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. You shall permit confiscation of any contraband observed in plain view of the probation officer.

8.) You shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substances that impair physical or mental functioning except as prescribed by a physician. If deemed necessary, you shall participate in a program for substance abuse treatment as approved by the U.S. Probation Office including not more than six tests per month to determine whether you have used controlled substances. You shall abide by the rules of the treatment provider. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

9.) You shall refrain from excessive use of alcohol, as defined as the legal limit of impairment in the state in which you are located.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/17)  Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: Michael D. Turner
CASE NUMBER: 20-CR-20078-001

## ADDITIONAL SUPERVISED RELEASE TERMS

10.) You shall attempt to secure regular and lawful employment, unless excused by the probation office for schooling, training, or other acceptable reasons. You shall keep the probation officer advised of any changes in his employment status.

11.) You shall participate in a sex offender treatment program as deemed necessary by the U.S. Probation Office. You shall abide by the rules of the treatment provider. You shall submit to physiological testing, including polygraph testing. You shall pay for such services, to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the Court's review upon request. You shall not be deemed financially able to pay if, at the time you begin receiving sex offender treatment, you would qualify for Court-appointed counsel under the Criminal Justice Act.

12.) You shall have no contact with any person under the age of 18 except: (1) in the presence of an adult who is aware of the nature of your background and current offense, and who has been approved by the Court; (2) in the course of normal commercial business; or (3) in other cases of unintentional or incidental contact. With respect to visitation of the Defendant's minor children, should any of the mothers or guardians object to the visitation, the probation officer would be tasked with finding an alternative adult to be present.

13.) You shall participate with the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP) during your term of supervision. The monitoring program will start as soon as possible after your supervision term begins. You shall sign the rules of the Computer Internet and Monitoring Program and comply with the conditions of this program. During this time, you shall install filtering software on any computer you possess or use which will monitor access to websites that depict illegal child pornography as defined in the United States Code. You shall allow the U.S. Probation Office unannounced access to any computer you possess or use to verify that the filtering software is functional. You shall pay for the cost of the filtering software, to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the Court's review upon request. You shall not be deemed financially able to pay if, at the time you begin CIMP, you would qualify for Court-appointed counsel under the Criminal Justice Act.

14.) If there is reasonable suspicion to believe that you are in violation of a condition of supervised release, you shall submit to the search of your person, automobile, and property under your control by the U.S. Probation Office. If there is reasonable suspicion to believe that you are in violation of a condition of supervised release involving the use of a computer or other electronic devices, you shall allow the U.S. Probation Office to conduct periodic unannounced examinations of your computer equipment, internet capable devices, similar electronic devices, related computer peripherals, which may include retrieval and copying of all data from your device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.

15.) You shall allow the Probation Office to notify any individual(s) or entity of any risk associated with your criminal and relevant history, which would be incident to areas or people or agencies frequented or attended by minors.

16.) You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office.

AO 245B (Rev. 09/17) Judgment in a Criminal Case
　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: Michael D. Turner
CASE NUMBER: 20-CR-20078-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/17) Judgment in a Criminal Case  
Sheet 6 — Schedule of Payments

Judgment — Page  7  of  7

DEFENDANT: Michael D. Turner  
CASE NUMBER: 20-CR-20078-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ 100.00  due immediately, balance due

　　☐  not later than _____ , or  
　　☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

　　Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:  
　　Any property, real or personal, used or intended to be used to commit or promote the commission of the offenses alleged in Count One of the Indictment, including the specific equipment: iPhone, number 217-202-7245, black case with cartoon face on the back.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.